*In re* ADOPTION OF K.M., a Minor (James M. *et al.*, Petitioners-Appellees, v. John M., Respondent-Appellant).

Third District    No. 3—04—0736

Opinion filed February 10, 2005.

Jane E. Zimmer, of Moline, for appellant.

Barbara K. Wallace and Eric Ryan, both of Winstein, Kavensky & Wallace, of Rock Island, for appellees.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The respondent, John M., is K.M.'s father. He is divorced from the petitioner mother, Jenifer M. Jenifer is now married to the other petitioner, James M. Jenifer and James petitioned the trial court under the Adoption Act (750 ILCS 50/1 *et seq.* (West 2002)) to terminate John's parental rights to K.M. and to allow James to adopt K.M. The trial court found John unfit to care for K.M. because of (1) failure to maintain a reasonable degree of interest, concern, or responsibility for K.M.'s welfare (750 ILCS 50/1(D)(b) (West 2002)); and (2) evidence of John's intent to forgo his parental rights because of a lack of frequent contact with K.M. (750 ILCS 50/1(D)(n) (West 2002)). The court also terminated John's parental rights regarding K.M.

On appeal, John argues that the trial court erred by (1) finding him unfit; and (2) terminating his parental rights to K.M. We do not reach the issues raised by the respondent. Instead, we hold that under the Illinois Supreme Court's recent case of *In re Adoption of L.T.M.*, 214 Ill. 2d 60 (2005), the cause must be remanded for the respondent to receive a written notice of his rights, which includes the right to appointed counsel if he is indigent. We therefore reverse and remand with directions.

## BACKGROUND

The record indicates that the respondent did not request appointment of counsel in the trial court and that he proceeded *pro se*. Because of the state of the law at the time (see our discussion below), the trial court did not provide the respondent with a written notice of his rights, including the right to request appointed counsel, before trial.

At trial, the court found the respondent unfit and terminated his parental rights. The respondent then submitted a posttrial motion requesting, *inter alia*, appointment of counsel on appeal. In denying his request for appointed counsel, the trial court stated that a party could request appointment of counsel if the petition was brought under the Juvenile Court Act of 1987 (Juvenile Act) (705 ILCS 405/1—1 *et seq.* (West 2002)), but could not make such a request if the petition was brought under the Adoption Act. The respondent appealed.

We vacated the trial court's denial of the respondent's request for appointed counsel. We then ordered the trial court to appoint counsel for the respondent on appeal.

## ANALYSIS

■ During the pendency of this appeal, the Illinois Supreme Court issued its ruling in *L.T.M.* In *L.T.M.*, the court noted that under the explicit provisions of the acts, a parent who is threatened with the loss of his parental rights under the Adoption Act is not afforded the same

right to request appointed counsel as a similarly situated parent under the Juvenile Act.

The Juvenile Act provides that, with the exception of an intervening foster parent, "[a]t the request of any party financially unable to employ counsel, *** the court shall appoint the Public Defender or such other counsel as the case may require." 705 ILCS 405/1—5(1) (West 2002). The Adoption Act only allows the right to request counsel for those parents found unfit because of mental disability under section 1(D)(p) of the Adoption Act (750 ILCS 50/1(D)(p) (West 2002)). 750 ILCS 50/13(B)(c) (West 2002). The *L.T.M.* court said that it is a violation of equal protection rights for a parent threatened with the loss of his parental rights under the Adoption Act not to be given the same right to request counsel as a similarly situated parent under the Juvenile Act. Consequently, the court ruled that where the petition against a respondent was brought under the Adoption Act, the respondent was entitled to request appointed counsel both at trial and on appeal.

■ The Juvenile Act also states that "[c]ounsel appointed for *** any indigent party shall appear at all stages of the trial court proceeding" and that "[e]ach adult respondent shall be furnished a written 'Notice of Rights' at or before the first hearing at which he or she appears." 705 ILCS 405/1—5(1) (West 2002). Presumably, one of the rights explained in the written "Notice of Rights" is the right to request appointed counsel if the respondent is indigent.

■ In the present case, the trial court apparently did not furnish the respondent with a written "Notice of Rights," as required by section 1—5(1) of the Juvenile Act, because the proceeding was brought under the Adoption Act. Under *L.T.M.*, the respondent is entitled to the same right to appointed counsel under the Adoption Act as a respondent under the Juvenile Act. Logically, it follows that the respondent is also entitled to the same written notice of the right to counsel under the Adoption Act as a respondent under the Juvenile Act. Furthermore, it is clear from the record that even if the respondent in this case had requested counsel at trial, the court would have denied such a request similar to its denial of his posttrial request.

We hold, therefore, that the trial court violated the respondent's equal protection rights by failing to provide him with a written "Notice of Rights," including notice that he had the right to request appointed counsel at trial. Therefore, we reverse and remand the cause with directions. We direct the trial court to supply the respondent with a written "Notice of Rights," including the right to request appointed counsel according to the provisions of section 1—5(1) of the Juvenile Act (705 ILCS 405/1—5(1) (West 2002)). As a result of this ruling, we need not consider the respondent's arguments.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the Rock Island County circuit court and remand the cause with directions.

Reversed and remanded with directions.

McDADE and O'BRIEN, JJ., concur.